IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GARY MONTGOMERY, )<br>    Plaintiff, )<br> )<br>v. )<br> )<br>DARON HALL, ET AL., )<br>    Defendants. ) | Civil Action No. 3:19-cv-01113<br>Judge Campbell / Frensley |

## REPORT AND RECOMMENDATION

Pending before this Court is an "Emergency Motion for Injunctive Relief" filed by pro se pretrial detainee Gary Montgomery. Docket No. 22. In the Motion, Plaintiff requests "a restraining order and other injunctive relief on emergency basis." *Id.* at 1. Plaintiff alleges that he "has been targeted and harassed for a long period of time that has recently intensified by SGT's [*sic*] Nathan Hibbs and Bolton." *Id.* ¶ 3. Furthermore, with regard to the Davidson County Sheriff's Office ("DCSO"), Plaintiff states that DCSO "demanded Plaintiff keep his legal files (criminal and civil) in a closet without immediate access" and "DCSO allows Plaintiff only one hour per week to look at his files." *Id.* ¶ 5.

Regarding SGT Hibbs, Plaintiff states that "SGT Hibbs has decided on his own to disengage Plaintive [*sic*] of the mentioned legal writing helps[1] on 3/24/2022, including dictionaries and a Bible." *Id.* ¶ 7. Plaintiff alleges that "Hibbs intentionally placed these items in permanent storage putting them out of Plaintives [*sic*] reach and hindering significantly Plaintiff's ability to write or respond to motions or court orders." *Id.* According to Plaintiff, on three occasions, SGT Hibbs took away the tablet that Plaintiff uses to gain access to legal information. *Id.* ¶ 8. Plaintiff

---

[1] It appears that Plaintiff is referencing a Federal Rules of Civil Procedure Book and a "how to" litigation manual. Docket No. 22 ¶¶ 6-7.

1

states that on April 19, 2022, SGT Hibbs confiscated all of Plaintiff's legal papers, including show cause orders and motions to dismiss needing responses. *Id.* ¶ 9. He alleges that SGT Hibbs "placed these files in permanent storage intentionally to cause Plaintiff courtroom failure and in retaliation." *Id.*

Plaintiff states that he "intends to pursue SGT's [*sic*] Hibbs, Bolton, and others in another [S]ection 1983 in due course, but needs immediate relief for the above mentioned cases[2] as he is completely unable to respond to any of them." *Id.* ¶ 10. Plaintiff further states that he needs "his case files, litigation handbook, and his dictionaries returned immediately and to be allowed to handle his case files." *Id.* ¶ 11.

Kinya Jamison, Granvisse Earl, Corporal Donquatus Bolden, and Lieutenant David Hodges (collectively "Defendants") have filed a response in opposition to the motion. Docket No. 23. Defendants maintain that Plaintiff's motion should be denied because "(1) his motion does not comply with the procedural requirements for injunctions and temporary restraining orders, (2) the relief Plaintiff seeks is unrelated to his claims currently before the Court in this matter, and (3) Plaintiff has demonstrated his ability to pursue his claims in the absence of the relief sought." *Id.* at 1.

## I.  BACKGROUND

In the Complaint initiating the lawsuit, Plaintiff alleges many claims against various defendants, many of whom are no longer defendants in this action. Docket No. 1. The only claim that survived the Court's initial review of the Complaint was a 42 U.S.C. § 1983 First Amendment Retaliation claim against Defendants. Docket No. 7, p. 16. As the facts that form the basis of the remaining claim are important to the analysis of the current matter, the district judge's summary

---

[2] It appears that Plaintiff is referencing multiple ongoing cases in this District Court.

of the facts that he construed as giving rise to the nonfrivolous First Amendment Retaliation claim is provided as follows:

> Here, Plaintiff alleges that, after he filed numerous grievances concerning denial of access by DCSO employees to his own legal files, legal resources, and legal services, Defendant Jamison retaliated "out of spite" by filing a false report that Plaintiff was improperly storing food in his legal and writing materials, leading to a punitive search and seizure of those materials by Defendants Hodges and Bolden. (Doc. No. 1 at 16). Plaintiff claims that Bolden then wrote up false charges. The Complaint further alleges that Jamison became angered after Plaintiff was found not guilty on most of the charges, and retaliated again by conspiring with Earl to write up new false charges. These, too, were dismissed, and Jamison continued to be upset with Plaintiff. Finally, the Complaint alleges that several weeks later, in January 2019, after Plaintiff filed another grievance regarding the denial of legal services, Jamison and Earl retaliated a third time by collaborating to create an incident "out of thin air" and writing Plaintiff up for engaging in "threatening behavior." (Id. at 16-17). Plaintiff was found guilty on these false charges and punished with 15 days in lockdown.

Docket No. 7, pp. 15-16.

The district judge found that these alleged facts substantiated a nonfrivolous First Amendment Retaliation claim. *Id.* at 16. On November 16, 2020, each remaining defendant filed an answer to the Complaint. Docket Nos. 16-19. On January 18, 2022, the Court entered a Scheduling Order (Docket No. 20), and on May 18, 2022, Plaintiff filed the Motion currently under consideration. Docket No. 22.

## II. LAW AND ANALYSIS

### A. Procedural Requirements

Fed. R. Civ. P. 65 and Local Rule 65.01 set forth procedural requirements for a preliminary injunction and a temporary restraining order ("TRO"). Regarding temporary restraining orders, Local Rule 65.01(b) requires that each motion for a TRO "be accompanied by a separately filed affidavit or verified written complaint, a memorandum of law, and a proposed order." Fed. R. Civ.

3

P. 65(b) allows for courts to grant a TRO "without written or oral notice to the adverse party only" when:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Local Rule 65.01(c) mandates "strict compliance with Fed. R. Civ. P. 65" and requires that pro se movants "certify in writing the efforts made to give notice of the request for a TRO and the reasons why notice should not be required."

Plaintiff requests "a restraining order and other injunctive relief on emergency basis." Docket No. 22, p. 1. To the extent that the Motion can be construed as requesting a TRO, the Motion should be denied for failure to comply with the procedural requirements for TRO motions. Plaintiff's motion is not accompanied by the appropriate documents required by Local Rule 65.01(b). As Plaintiff fails to meet the procedural requirements for a TRO, the Court recommends that Plaintiff's "Emergency Motion for Injunctive Relief" be denied. *See Shirley v. Simms*, No. 3:22-cv-00091, 2022 WL 993893, at *3 (M.D. Tenn. Apr. 1, 2022); *Montgomery v. Wellpath Medical*, No. 3:19-cv-00675, 2022 WL 1598253, at *1 (M.D. Tenn. May 19, 2022).

### B. Relief Requested

Even if Plaintiff had followed the procedural requirements, the undersigned recommends that the Motion be denied as the relief Plaintiff emergently seeks is unrelated to the claims in the underlying lawsuit. When addressing preliminary injunctions and TROs, courts assess four factors: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance

of the injunction." *Tumblebus Inc. v. Crammer*, 399 F.3d 754, 760 (6th Cir. 2005). In addition to the four-factor test, "[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *King*, No. 5:15-cv-P185, 2017 WL 366355, at *2 (W.D. Ky. Jan. 20, 2017); *Colvin v. Caruso*, 605 F.3d 282, 300 (6th Cir. 2010) (quoting *Devose v. Herrington,* 42 F.3d 470, 471 (8th Cir.1994)). As the Sixth Circuit explained, "This is because [t]he purpose of interim equitable relief is to protect the movant, during the pendency of the action, from being harmed or further harmed in the manner in which the movant contends [he] was or will be harmed through the illegality alleged in the complaint." *Id.* (quoting *Omega World Travel, Inc. v. Trans World Airlines,* 111 F.3d 14, 16 (4th Cir.1997)) (alterations in original and internal quotation marks omitted).

District courts in this Circuit have denied motions for TROs for the same aforementioned rationale articulated by the Sixth Circuit concerning preliminary injunctions. *See, e.g., King*, 2017 WL 366355, at *2 (denying a motion for a TRO and preliminary injunction because the relief requested in the motion was unrelated to the underlying lawsuit). Likewise, "A motion for a TRO or preliminary injunction is not the means by which a plaintiff already in court on one claim can seek redress for all other conditions of confinement that he finds actionable." *Arrington v. Scott*, No. 1:12-cv-529, 2013 WL 1080298, at *1 (W.D. Mich. Jan. 7, 2013).

While both the remaining claim in the lawsuit and the alleged facts in the Motion to some extent relate to Plaintiff's legal materials, the Complaint and the Motion ultimately concern two distinct sets of events that two different groups of people allegedly committed several years apart.[3]

---

[3] It appears that the First Amendment Retaliation claim concerns events that allegedly occurred in January of 2019 (Docket No. 7, p. 16), while the events discussed in the Motion allegedly occurred in March and April of 2022. Docket No. 22.

5

The Motion concerns Hibbs, Bolton, and the DCSO allegedly taking Plaintiff's legal materials; however, they are not parties to the underlying lawsuit. In contrast, the remaining First Amendment Retaliation claim in the Complaint concerns Defendants and primarily relates to "false charges" that Plaintiff alleges he received because he filed grievances concerning his legal materials. Docket No. 7, pp. 15-16. Furthermore, in the Complaint, Plaintiff did make claims regarding his access to the courts that generally centered around his alleged inability to access legal materials; however, these claims did not survive the Court's initial review of the Complaint. Docket No. 7, p. 13-14. Thus, the undersigned recommends the Motion be DENIED.

In addition, this Court has previously denied this same exact motion filed by the same Plaintiff in another lawsuit for similar reasoning. *See Montgomery v. Conrad*, No. 3:21-00820, 2022 WL 2154864, at *2 (M.D. Tenn. June 14, 2022), *report and recommendation adopted* by 2022 WL 2152864 (M.D. Tenn. July 12, 2022). In her Report and Recommendation, which was later adopted by Judge Campbell, Magistrate Judge Holmes recommended that the motion be dismissed. *Id.* As a part of her reasoning, she explained that the parties of the lawsuit are not the subjects of the motion, and the motion and the lawsuit concerned separate events. *Id.* As discussed above, the same is true in this case.

As the underlying claims in the Complaint initiating the lawsuit and the "Emergency Motion for Injunctive Relief" are unrelated, Plaintiff's motion should be denied. *See Montgomery*, 2022 WL 1598253, at *2 (explaining that a motion for immediate injunctive relief should be denied when the substance of the motion is unrelated to the underlying claims of the lawsuit); *King v. Tangilag*, 2017 WL 366355, at *2 (stating that "it is questionable whether this Court would even have jurisdiction to grant the requested injunctive relief, since Plaintiff seeks an injunction binding officials who are not parties to this action.").

Although the fact that the claims in the Motion are unrelated to the remaining claim in the lawsuit is enough to deny the Motion, the Court will briefly address the four-factor test that courts use to assess motions for TROs and preliminary injunctions. Regarding the first factor, the undersigned finds that Plaintiff has not met his burden to show that he is likely to succeed on the merits. Plaintiff does not address this factor in the Motion. Likewise, Plaintiff does not discuss any evidence in the Motion showing that he is likely to succeed on the merits. To the contrary, Plaintiff has since requested the undersigned magistrate judge to assist him in acquiring evidence. Docket No. 24 ¶ 4. While Plaintiff, in the Complaint, alleged a colorable First Amendment Retaliation claim (Docket No. 7, p. 16), pleadings alone are not sufficient to demonstrate a likelihood of success on the merits at this juncture. *Dowell v. Bernhardt*, No. 3:19-cv-105, 2019 WL 2110595, at *2 (M.D. Tenn. Apr. 14, 2019), *report and recommendation adopted* by 2019 WL 2111512 (M.D. Tenn. May 14, 2019).

Likewise, regarding the second factor, the undersigned finds that Plaintiff has not shown irreparable harm, considering he has shown his ability to pursue his claims in this case and in several of his cases in this district.[4] Judge Holmes, in her report and recommendation regarding the same motion, explained that the third and fourth factor of the four-factor test do not weigh in favor of granting the Motion. *Montgomery*, 2022 WL 2154864, at *2. The Court agrees with this analysis. Lastly, and as Judge Holmes stated, "[A]bsent extraordinary and urgently compelling reasons, the Court will not intervene in matters such as the day-to-day operations in a correctional facility." *Id.* (citing *Kendrick v. Bland*, 740 F. 2d 432, 438, n. 3 (6th Cir. 1984)).

The plaintiff bears the burden of demonstrating his entitlement to a preliminary injunction,

---

[4] *See, e.g., Montgomery v. Whidbee, et al.*, 3:19-cv-00747, Docket Nos. 51-52; *Montgomery v. Hall, et al.*, 3:21-cv-00701, Docket No. 19; *Montgomery v. Wellpath, et al.*, 3:19-cv-00675, Docket No. 120.

and his burden is a heavy one. Injunctive relief is "an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban Cnty. Gov't.*, 305 F. 3d 566, 573 (6th Cir. 2002).

### III. RECOMMENDATION

For the reasons discussed herein, the undersigned recommends that Plaintiff's Emergency Motion for Injunctive Relief (Docket No. 22) be **DENIED.**

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

_____
**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**